**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Rachel M. Bien (RB 6919)
Melissa E. Pierre-Louis (MP 4946)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212) 300-0375

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNI WALKER and NATASHA McLEOD, individually and on behalf all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>HUNTER ROBERTS CONSTRUCTION GROUP, LLC,<br><br>        Defendant. | No. 09-2593 (JSR) (AJP)<br><br>**ANSWER TO COUNTERCLAIM** |

Plaintiffs Kenni Walker and Natasha McLeod (together, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP and Fitapelli & Schaffer, LLP, hereby answer the Counterclaim brought in Defendant Hunter Roberts Construction Group, LLC's Answer to the First Amended Class Action Complaint (the "Answer"), dated August 25, 2009, as follows:

  1. As to Paragraph 104 of the Answer, in which Defendant realleges the allegations contained in Paragraphs 1 through 86 of the Answer, Plaintiffs admit those allegations that admit the allegations contained in the First Amended Class Action Complaint, and otherwise deny the allegations incorporated by reference into Paragraph 104 of the Answer.

2. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Answer, except aver that Plaintiffs did not execute separation agreements containing a release of claims against Defendant.

3. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Answer.

4. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Answer.

5. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Answer.

6. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Answer.

7. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Answer.

8. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Answer.

9. Paragraph 112 sets forth mere legal argument and conclusion to which no response is required. To the extent Paragraph 112 could be construed to set forth factual allegations requiring a response, Plaintiffs deny such allegations.

10. Paragraph 113 sets forth mere legal argument and conclusion to which no response is required. To the extent Paragraph 113 could be construed to set forth factual allegations requiring a response, Plaintiffs deny such allegations.

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails because it asserts claims against putative class members who are not parties to this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Defendant's Counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails because Defendant lacks standing to assert it.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails because the controversy that Defendant alleges is not ripe for decision.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Fair Labor Standards Act and New York Labor Law do not permit private releases of wage and hour claims.

### NINTH AFFIRMATIVE DEFENSE

To the extent the Counterclaim alleges a contract, the alleged contract is invalid due to the lack of consideration.

### TENTH AFFIRMATIVE DEFENSE

To the extent the Counterclaim alleges a contract, the alleged contract is invalid due to the absence of a valid offer and acceptance.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent the Counterclaim alleges a breach of contract, Defendant failed to allege, and cannot show, that it suffered any damages as a result of any allegations contained in the Counterclaim.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent the Counterclaim alleges the waiver of any claims, any such waiver was neither knowing nor voluntary.

### DEFENSES RESERVED

Plaintiffs hereby give notice that they intend to rely on other defenses that may become available or apparent during this litigation and reserve the right to supplement this pleading.

Dated: New York, New York
       September 14, 2009

**OUTTEN & GOLDEN LLP**

By: /s/ Rachel Bien
    Rachel M. Bien (RB 6919)

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Rachel M. Bien (RB 6919)
Melissa E. Pierre-Louis (MP 4946)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)

**Fitapelli & Schaffer, LLP**
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: 212-300-0375

*Attorneys for Plaintiffs and the Putative Class*

5