UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

KENNI WALKER and NATASHA McLEOD. individually and on behalf of all others similarly situated,

                             Plaintiffs,

          -against-

HUNTER ROBERTS CONSTRUCTION GROUP, LLC,

                            Defendant.

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-16-09

CV 09-2593
Rakoff, J.

**CIVIL CASE MANAGEMENT PLAN**

**This Court requires that this case shall be <u>ready for trial</u> on February 1, 2010.**

       After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case is not to be tried to a jury.

B.    Joinder of additional parties must be accomplished by October 10, 2009 as to Administrative Assistants seeking to opt-in. The opt-in period for Assistant Project Managers has expired. No other persons can join this suit absent agreement of the parties, which suit at present is limited to Plaintiff Walker and opt-in Plaintiffs Felipe Marrero, Roger Okewole, Shawn Popp, Andrew Shannon, Anthony Uduebo and John Walters and to Plaintiff McLeod and opt-in Plaintiff Elizabeth Mutter. Notwithstanding the above, Plaintiffs may make an application to the Court to extend the opt-in period upon a showing of good cause.

C.    Amended pleadings may not be filed without leave of Court.

D.    Discovery have been exchanged.

      1.    <u>Documents</u>. Requests for production of documents were served. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery, as set forth in item 7 below.

      2.    <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York were served. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

3.   Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by December 1, 2009. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by December 15, 2009. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

4.   Depositions. All depositions (including any expert depositions, see item 3 above) must be completed by December 20, 2009. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until after the mediation is held on October 28, 2009. Depositions shall proceed concurrently, with no party having priority. No deposition shall extend beyond one business day without prior leave of the Court.

5.   Requests to Admit. Requests to Admit, if any, must be served no later than 30 days prior to the close of discovery, as set forth in item 7 below.

6.   Discovery Motions. Demands for supplementation of discovery responses already served and responded to shall be tendered by November 15, 2009, and motions regarding discovery already served shall be made on or before November 30, 2009. All other discovery motions, if any, must be served no later than 10 days from the close of discovery, as set forth in item 7 below. No discovery motion shall be served until after the October 28, 2009 mediation.

7.   All discovery is to be completed by December 20, 2009. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.   Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-7 above) and provided that the moving papers are served by January 3, 2010, answering papers by January 15, 2010, and reply papers by January 20, 2010. Each party must file its respective papers with the Clerk of the court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F.   Motion for Class Action Certification.

Plaintiffs shall make an application to the Court to file a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure no later than November 9, 2009, in compliance with Rule 2(a) and (b) of the Court's Individual Rules of Practice. If

2

the Court grants Plaintiffs' application, the parties shall endeavor to agree upon a briefing schedule for such motion, which they shall submit to the Court for its approval.

G. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on 2/3/10 at 5 p.m., at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

H. All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:  New York, New York
        October 15, 2009

3